

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# USA v. Guillen

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1140

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Guillen" (2008). *2008 Decisions*. Paper 1552.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1552

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1140

UNITED STATES OF AMERICA

v.

MARCELINO AVILA GUILLEN,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. No. 1:06-CR-00128
District Judge: Honorable Sylvia Rambo

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2008

Before: MCKEE, AMBRO and ALDISERT, Circuit Judges.

(Filed:  February 21, 2008)

OPINION

ALDISERT, Circuit Judge.

In this appeal, Appellant Marcelino Avila Guillen contends that his sentence of

thirty-seven months of imprisonment and three years of supervised release is

unreasonable because of the disparity between his sentence and the sentences of defendants sentenced in jurisdictions with fast-track programs for illegal reentry offenses. Guillen's argument is foreclosed by United States v. Vargas, 477 F.3d 94 (3d Cir. 2007), and accordingly we will affirm.

## I.

In Vargas, we considered Guillen's precise argument and soundly rejected it. Vargas argued, as Guillen presently argues, "that his sentence created an 'unwarranted disparity' in light of the 'fast-track' programs available to defendants in some other districts." Id. at 97. In rejecting Vargas's argument, we held "that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." Id. at 99.

As we made clear in Vargas, Congress, together with the Sentencing Commission and the Attorney General, has made the policy determination that fast-track programs are appropriate in some districts but not in others. See id. at 100. To accept Guillen's argument would be to create fast-track programs by judicial fiat in areas where Congress and delegated authorities have not authorized them. See United States v. Perez-Chavez, 422 F. Supp. 2d 1255, 1263 (D. Utah 2005). Section 3553(a)(6) does not authorize judges to undermine Congress' will.

We are satisfied with the manner in which the District Court treated Guillen's argument when, referring to the fast track program, it stated, "I think the first thing we

have to realize is that this is a congressional decision that was made, and it will have to be a congressional decision, I think, to change it." App. 52.

## II.

Guillen requests that Vargas be revisited based on the rationale in United States v. Gunter, 462 F.3d 237 (3d Cir. 2006). He argues that by declining his request for departure based on the fast-track programs available elsewhere, the District Court effectively treated the sentencing guidelines as mandatory. To the extent that the teachings of Gunter apply to this case, they do not vitiate the reasoning or holding of Vargas. The emphasis in Gunter was that the Court consider the difference between sentences for powder and crack cocaine offenses in imposing a final sentence for one of these offenses. Id. at 248-249. Gunter did not require the district court to impose a sentence consistent with the lower powder cocaine guidelines; it permitted the district court to consider the difference in the guidelines when imposing a sentence. Thus, we do not believe that Gunter is a proper analogue to require a re-examination of this Court's precedent in Vargas.[1]

\* \* \* \* \* \*

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.

---

[1] We also note that this Court decided Gunter on September 11, 2006, and decided Vargas on February 16, 2007. The Court, therefore, had ample opportunity to consider Gunter when making its determination in Vargas.

3